UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

DARRYL L. ROBINSON, CIVIL NO. 01-2166 (DWF/JMM)

Plaintiff,

v. REPORT AND RECOMMENDATION

PAT CARR,

Defendant.

Plaintiff, an inmate at the Sherburne County Jail in Elk River, Minnesota, has filed a Complaint seeking relief for alleged violations of his federal constitutional rights. (Docket No. 1.) The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's Complaint fails to state a claim on which relief can be granted. It will therefore be recommended that this action be summarily dismissed pursuant to § 1915A(b).

[1] This matter was previously before the Court for consideration of Plaintiff's original self-styled application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) In an order dated December 4, 2001, (Docket No. 3), the Court indicated that Plaintiff's request for IFP status would not be addressed, and that this action would not proceed any further, unless Plaintiff submitted (i) a new IFP application that included the financial information required by 28 U.S.C. § 1915(a)(2), and (ii) the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Plaintiff responded to that order by filing a new IFP application, (Docket No. 4), which shows that he has only five cents in his prisoner trust account. Based on the information provided in Plaintiff's new IFP application, the Court finds that he is wholly unable to pay even an initial partial filing fee. This case will therefore proceed to initial screening under § 1915A, even though Plaintiff has paid no fee at all. See 28 U.S.C. § 1915(b)(4) ("[i]n no event shall a prisoner be prohibited from bringing a civil action... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee").

FILED FEB 05 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**I. BACKGROUND**

Plaintiff Complaint consists of a long list of grievances about the conditions of his confinement at the Sherburne County Jail. He claims that

(i) the cost of phone calls and envelopes is too high;

(ii) there is a lack of exposure to views of outside air and sunlight;"

(iii) the air is too dry;

(iv) inmates do not have sufficient access to federal law books, typewriters and paper;

(v) the visitation rules are too restrictive, because they do not allow enough privacy or long enough visits;

(vi) the floors in the shower areas are too slippery;

(vii) inmates are "denied adequate medical care;" and

(viii) inmates are required to give their correspondence, including "legal documents," to jail officials to be mailed.

Plaintiff is attempting to sue someone named Pat Carr, who is identified in the caption of the Complaint as a "Jail Administrator." However, the Complaint provides no other explanation of who Defendant Carr is, what he (or she) does, or why he (or she) has been named as Defendant.

Plaintiff is seeking "fair treatment and justice for inmates at the Sherburne County Jail," as well as $15,000 in compensatory damages, and an unspecified amount of punitive damages.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from a defendant who is (presumably) a government employee, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

Here, the action must be dismissed in its entirety pursuant to § 1915A(b)(1), because Plaintiff has failed to state any claim on which relief can be granted. Plaintiff's Complaint suffers from at least three fatal flaws.

First, Plaintiff has not explained what, (if anything), the named Defendant did, or failed to do, that allegedly should cause him or her to be liable to Plaintiff. To state an actionable claim for relief under 42 U.S.C. § 1983 claim, (as Plaintiff apparently is attempting to do here), the Complaint must allege facts showing each "individual defendant's personal involvement or responsibility" for the alleged violations of the plaintiff's constitutional rights. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (emphasis added). See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) ("[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same). In other words, the complaint must set forth specific factual

allegations showing what each individual defendant allegedly did, or failed to do, that is supposed to have violated the plaintiff's federal constitutional rights.

In this case, Plaintiff's Complaint fails to state an actionable claim against Defendant Carr, because it includes no factual allegations describing what Carr personally did or failed to do that allegedly violated Plaintiff's constitutional rights. There is no clear indication that Carr had anything to do with any of the matters described in Plaintiff's pleading. Indeed, Defendant Carr is not even mentioned anywhere in the substantive allegations of Plaintiff's Complaint. Because the Complaint does not ascribe any wrongful act or omission to Defendant Carr, it fails to state an actionable claim against him or her.

Secondly, even if Plaintiff had adequately explained how Defendant Carr allegedly violated his constitutional rights, this action still would have to be dismissed, because Plaintiff has failed to allege that he has exhausted his administrative remedies, as required by 42 U.S.C. § 1997e(a). That statute, which was enacted in 1996 as part of the PLRA, provides that

> "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Section 1997e(a) clearly requires that prisoners must exhaust all of their available administrative remedies before they can challenge the conditions of their confinement in a lawsuit brought in federal court. "Congress intended section 1997e(a) to 'curtail the ability of prisoners to bring frivolous and malicious lawsuits by forcing prisoners to exhaust all administrative remedies before bringing suit in Federal court.'" Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998), quoting 141 Cong.Rec. H1472-06, *H1480

(daily ed. Feb. 9, 1995). "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 121 S.Ct. 1819, 1825 (2001).

When a prisoner brings a civil rights action in federal court alleging that the conditions of his confinement are somehow unconstitutional, he must affirmatively demonstrate in his complaint that he has satisfied § 1997e(a) by exhausting all available administrative remedies. If his pleading does not include specific factual allegations showing that the exhaustion requirement has been satisfied, then the prisoner has failed to state an actionable claim, and his complaint is subject to summary dismissal. McAlphin v. Morgan, 216 F.3d 680, 682 (8th Cir. 2000); Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000) ("dismissal on the pleadings is proper for failure to plead the exhaustion of all administrative remedies"). In this case, Plaintiff has not alleged that he has exhausted his administrative remedies, as required by 42 U.S.C. § 1997e(a). For this additional reason, the Court finds that his Complaint fails to state a claim on which relief can be granted.

Finally, (and perhaps most significantly), the allegations in Plaintiff's Complaint simply do not show that any of his federal constitutional rights have been violated. In Smith v. Copeland, 87 F.3d 265 (8th Cir. 1996), our Court of Appeals pointed out that –

> "The standard applicable to conditions of confinement claims by pretrial detainees was enunciated in Bell v. Wolfish, 441 U.S. 520... (1979). The proper inquiry is whether those conditions amount to punishment of the detainee, for, under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt. Id. at 535.... However, not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense. Id. at 537.... Thus, if a particular condition or restriction of pretrial detention is

> reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Id. at 539.... The Government has legitimate interests that stem from its need to manage the facility in which the individual is detained. Id. at 540.... Furthermore, there is a de minimis level of imposition with which the Constitution is not concerned. Id. at 539 n. 21...."

Id. at 268 (emphasis added).

It must also be remembered that

> "the problems that arise in the day-to-day operation of a corrections facility are not susceptible of easy solutions. Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.... [Citations and footnote omitted.] 'Such considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters.'"

Bell v. Wolfish, 441 U.S. 520, 547-48 (1979), quoting Pell v. Procunier, 417 U.S. 817, 827 (1974).

With the foregoing principles in mind, it is readily apparent that Plaintiff has not pleaded an actionable claim in his present Complaint. The inadequacy of Plaintiff's Complaint can be seen by comparing the facts alleged here with the facts of Smith v. Copeland. Smith, like the instant Plaintiff, was a county jail inmate who claimed that the conditions of his confinement were unconstitutional. Unlike Petitioner, however, Smith alleged that he was placed in "segregated confinement," that the toilet in his isolation cell overflowed, and "that he was 'made to endure the stench of [his] own feces and urine'" for four days. Smith, 87 F.3d at 268. The overflowing toilet described in Smith is far more

offensive than anything alleged in Plaintiff's present Complaint. Yet the Eighth Circuit found Smith's claim to be inadequate, as a matter of law. The Court held that even Smith's "'raw sewage' allegation" amounted to no more than "a de minimis imposition" that did not "implicate constitutional concerns." Id.

If the conditions described in Smith lacked constitutional significance, the same must be true here. Plaintiff's broad and conclusory complaints about dry air, obstructed views of the outside world, slippery floors, lack of privacy, over-priced envelopes, etc., are, quite simply, not serious enough to support a federal civil rights action.[2]

## III. CONCLUSION

For all of the reasons discussed above, the Court finds that Plaintiff has failed to state any cause of action on which relief can be granted. It will therefore be recommended that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

It follows that Plaintiff's request for leave to proceed in forma pauperis, (Docket Nos. 2 and 4), must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid

---

[2] Plaintiff's allegations concerning the lack of federal law books, the unavailability of typewriters and paper, the cost of envelopes and phone calls, and the monitoring of outgoing mail, suggest that he might be trying to maintain an "access to the courts" claim. See Bounds v Smith, 430 U.S. 817 (1977). It should be specifically noted that any such claim is plainly defective because Plaintiff has not alleged that he, personally, has suffered any "actual injury" to his legal rights as a result of any of the deficiencies cited in his pleading. See Klinger v. Department of Corrections, 107 F.3d 609, 617 (8th Cir. 1997) ("[i]n Lewis v. Casey, [518 U.S. 343 (1996)] the Supreme Court held, based on principles of standing, that actual injury must be proven in order to prevail on an access-to-courts claim").

balance of the $150 filing fee.[3] He has not paid any part of the fee to date, so he still owes the full $150 at this time. Jail officials will have to deduct that amount from Plaintiff's institutional trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, the dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket Nos. 2 and 4), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $150, in accordance with 28 U.S.C. § 1915(b)(2); and

---

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: February 1, 2002

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before February 18, 2002, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.